# Exhibit A



## SEA40

**SEA40.10.220.A2**

Legal

**TEAM**

legal – mail @ amazon.com

9/16/2024 11:37:05 AM     Legal

1     Envelope

70221670000335172428

PRIORITY





PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7022 1670 0003 3517 2428



BALZARINI & WATSON
ATTORNEYS AT LAW
THE GRANT BUILDING
310 GRANT STREET, SUITE 3303
PITTSBURGH, PENNSYLVANIA 15219



091624-9228
SEP 16 2024

SCANNED

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Amazon.com, Inc.
ATTN: LEGAL DEPARTMENT
410 Terry Avenue North
Seattle, Washington, 98109-5

**BALZARINI & WATSON**
ATTORNEYS AT LAW
THE GRANT BUILDING
310 GRANT STREET, SUITE 3303
PITTSBURGH, PENNSYLVANIA
15219

(412) 471-1200
FAX: (412) 471-6326
bwlawfirm@comcast.net

September 6, 2024

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Amazon.com, Inc.
ATTN:  LEGAL DEPARTMENT
410 Terry Avenue North
Seattle, Washington, 98109-5210

        Re:  Tracy Brooks  vs.  Amazon.com, Inc.
             No. GD 24-009791
             In The Court of Common Pleas of Allegheny County,
             Pennsylvania

Dear Sir or Madam:

    Enclosed herewith please find true and correct copy of the Complaint in Civil Action filed against Amazon.com, Inc. in the Court of Common Pleas of Allegheny County, Pennsylvania, at GD 24-009791.  I am serving the same upon you in accordance with the applicable Law.

                              Very truly yours,

                              BALZARINI & WATSON

                              Michael Balzarini

MB:ab

Enclosures

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ALLEGHENY_____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: GD24-009791 |

_The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court._

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: TRACY BROOKS | Lead Defendant's Name: AMAZON.COM, INC. |
| --- | --- |

Are money damages requested? ☒ Yes ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

Is this a _Class Action Suit_? ☐ Yes ☒ No

Is this an _MDJ Appeal_? ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: MICHAEL BALZARINI, ESQUIRE

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (_do not include Mass Tort_)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability (_does not include mass tort_)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (_do not include Judgments_)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
  _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
  _____
- ☐ Zoning Board
- ☐ Other: _____
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____
  _____

_Updated 1/1/2011_

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

TRACY BROOKS,

        Plaintiff,

    vs.

AMAZON.COM,    INC.,   a corporation,

        Defendant.

CIVIL DIVISION

No. GD 24- 009791

COMPLAINT IN CIVIL ACTION

Filed on behalf of Plaintiff

Counsel of Record for this Party:

Michael Balzarini, Esquire
PA I.D. #52689

Firm No. 013
BALZARINI & WATSON
3303 Grant Building
310 Grant Street
Pittsburgh, PA 15219

412-471-1200 (ph.)
412-471-8326 (fax)

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CIVIL DIVISION

TRACY BROOKS,

        Plaintiff,

    vs.

AMAZON.COM, Inc., a Corporation,

        Defendant.

No. GD 24-000173

COMPLAINT IN CIVIL ACTION

JURY TRIAL DEMANDED

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE

THE ALLEGHENY COUNTY BAR ASSOCIATION
400 KOPPERS BLDG., 436 SEVENTH AVE.
PITTSBURGH, PENNSYLVANIA, 15219
412-261-5555

https://www.getapittsburghlawyer.com/

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the plaintiff, Tracy Brooks, by her undersigned attorneys, Balzarini & Watson, and complains against the defendant, Amazon.com, Inc., a corporation, upon the following causes of action:

### COUNT I.

### Strict Liability:

1. The plaintiff, Tracy Brooks, is an adult individual residing at 501 Harvester Drive, Oakdale, Allegheny County, Pennsylvania, 15071.

2. The defendant, Amazon.com, Inc., is corporation organized and existing under the laws of the State of Delaware, with its principal office for the transaction of corporate business located at 410 Terry Avenue North, Seattle, Washington, 98109-5210.

3. At all relevant times, the defendant, Amazon.com, Inc. conducted substantial and continuous business within the Commonwealth of Pennsylvania and within Allegheny County< Pennsylvania.

4. At all times relevant hereto the defendant, Amazon.com, Inc., was engaged in the business of advertisement, marketing, sale, and distribution of retail

3

consumer items to the general public through its "on-line marketplace", commonly known and referred to a Amazon.com.

5.    At all times relevant hereto, the Defendant Amazon.com, Inc. advertised and marketed for sale to the public on its "on-line marketplace" consumer products, including a "SeptyWarm" medium sized (16" x 24") electric heating pad for back pain relief with auto off, moist/dry heat.

6.    On or about July 25, 2023, plaintiff, Tracy Brooks, purchased a SeptyWarm, medium sized (16" x 24") electric heating pad for back pain relief with auto off, moist/dry heat from the Defendant's on-line marketplace Amazon.com; said heating pad bearing an ASIN number BOCIVJY4TK, and hereinafter referred to as the "heating pad".

7.    The above-referenced heating pad was designed, tested, manufactured, assembled, marketed, and placed into the stream of commerce by a foreign limited liability company named Hangzhou Lanku Technology Co. Ltd., trading and doing business as "SeptyWarm", with offices for the transaction of business located at Room 10487, Number 260, Jiangshu Rd., Xixing Street, Bin Jiang District, Hangzhou, China, 310051.

8.    The above-referenced heating pad was sold and placed into the stream of commerce by the Defendant, as alleged, with the expectation that the heating pad would be

4

purchased and used by the ultimate consumer without inspection for defects in material, design, or workmanship.

9. The above-referenced heating pad was expected to, and did, reach the ultimate consumer, plaintiff Tracy Brooks, without substantial change in the condition in which it was designed, manufactured, and distributed by the manufacturer, and sold by the Defendant.

10. At the time of the above-referenced purchase of the heating pad product by the Plaintiff, as alleged, payment was issued for the product by the Plaintiff to the Defendant using a digital "Amazon Prime" payment account maintained by Plaintiff with the Defendant; and the Defendant, acting by and through its authorized agents, representatives, workers, and/or employees, acting in the course and scope of their employment, thereafter undertook to deliver the heating pad product in a closed container, bearing the Defendant's name and trademarked "Amazon" logo.

11. The event hereinafter complained of occurred in the nighttime hours of August 26, 2023, in the plaintiff's home located at 501 Harvester Drive, Oakdale, Allegheny County, Pennsylvania, 15071.

12. On the above-referenced date, and at the above-referenced place, plaintiff, Tracy Brooks, was engaged in the ordinary and expected use of the Defendant's heating pad and

5

was using the same for the purpose of alleviating night time back pain when, in the course of such ordinary and expected use, the plaintiff's body was unexpectedly subjected to sufficiently high temperatures generated by the heating pad to cause the Plaintiff to sustain a large third degree burn to the buttocks and left hip area, resulting in the personal injuries and damages hereinafter more specifically described.

13.    At the time of the above-referenced incident, the plaintiff was using the heating pad product in the ordinary and expected manner, and in accordance with the advertising statements appearing on the Defendant's on-line marketplace, and in the product literature, instructions and warnings supplied with the product for safe usage; which advertisement, instructions and warnings included statements that the involved product had an "auto off feature" which permitted safe use while sleeping or "napping".

14.    The subject heating pad was in a defective and unreasonably dangerous condition for use at the time it left the control of the Defendant herein and at the time it was sold to the plaintiff on or about July 25, 2023.

15.    The above-described incident, and the resulting personal injury and damages sustained by the plaintiff, were caused by, and were the sole, direct, and proximate result of

6

the defective condition of the heating pad product, generally, and as follows:

a.   In that the heating pad as designed, manufactured, tested, marketed, distributed, and sold by the Defendant contained latent and/or hidden defects in the heating and control mechanisms such that the heating pad would fail to shut off before achieving temperatures sufficient to cause serious burns;

b.   In that the heating pad as designed, tested, manufactured, assembled, distributed, and/or sold by the Defendant is capable of generating sufficient temperatures during ordinary usage to cause serious burn injuries;

c.   In that the heating pad as designed, manufactured, assembled, distributed, and sold by the Defendant is more dangerous, and capable of producing burns more serious than a reasonable consumer would expect for a consumer product of the type involved;

d.   In that the heating pad, as designed, built, distributed, marketed, and sold failed to incorporate an operable and functioning automatic shutoff feature to prevent burn injuries;

e.   In that the heating pad, as designed, built, manufactured, marketed, distributed and sold incorporated heating elements and/or associated circuitry capable of generating heat of a sufficient temperature to produce serious burn injuries in the course of ordinary foreseeable usage;

f.   In that the heating pad, as designed, manufactured, assembled, distributed, marketed, and sold incorporated materials of insufficient durability and/or quality to prevent malfunction resulting in overheating;

g.   In that the heating pad as designed, tested, assembled, marketed, distributed, and sold

7

failed to incorporate sufficient and adequate instructions for safe usage;

h. In that the heating pad as designed, tested, manufactured, assembled, distributed, and sold failed to incorporate sufficient warnings for safe and proper usage;

i. In that the heating pad as designed, tested, manufactured, assembled, distributed, and sold included misrepresentations and/or inaccuracies concerning the ability to safely utilize the product during sleep;

j. In that the heating pad as designed, tested, manufactured, assembled, distributed, and sold misrepresented the capabilities of the heating pad product to automatically shut off or discontinue heating so as to prevent burn injury;

k. In that the heating pad as designed, tested, assembled, manufactured, distributed, and sold failed to incorporate adequate and/or reliable devices for heat regulation, temperature control, and discontinuance of heating in the course of ordinary usage;

l. In that the heating pad as designed, tested, assembled, manufactured, distributed, and sold was more dangerous, and more likely to cause severe burn injury than the ordinary consumer would reasonably expect.

16. As a sole, direct and proximate result of the defective condition of the heating pad, as described, plaintiff, Tracy Brooks, sustained the following personal injuries, all of which are, or may be, serious and permanent:

a. Full thickness third degree burn to the left buttock and hip region;

8

b.    Other severe injuries.

17.    As a sole, direct and proximate result of the defective condition of the heating pad, as described, Plaintiff, Tracy Brooks, sustained the following damages:

a.    She has suffered and will suffer great pain, suffering, inconvenience, embarrassment and mental anguish;

b.    She has been and will be required to expend large sums of money for medical and surgical attention, hospitalization, medical supplies, surgical appliances, medicines and attendant services;

c.    She has been and will be deprived of her earnings;

d.    Her earning capacity has been reduced and permanently impaired;

e.    Her general health, strength and vitality have been impaired;

f.    She has been unable to enjoy the ordinary pleasures of life;

g.    He has been disfigured.

WHEREFORE, the plaintiff, Tracy Brooks, claims damages of the defendant, Amazon.com, Inc., in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

**JURY TRIAL DEMANDED.**

9

Count II.

Negligence:

18. The plaintiff, Tracy Brooks, incorporates by reference paragraphs 1 through 17, inclusive, with the same force and effect as though set forth at length herein.

19. The above-described incident, and the resulting injuries and damages to the plaintiff, were caused by, and were the sole, direct and proximate result of the defective condition of the heating pad product, and of the negligence of the Defendant, Amazon.com, Inc., acting by and through its agents, workers, and/or employees, acting in the course and scope of their employment, generally, and in the following particulars:

    a.    In negligently selling the above-referenced heating pad containing insufficiently durable or reliable components to prevent burn injuries;

    b.    In negligently selling the heating pad product which incorporated insufficiently reliable and/or durable circuitry to prevent the failure of the automatic shutoff feature;

    c.    In negligently selling a product which incorporated inappropriate materials for the involved consumer product;

    d.    In negligently failing to discover the presence of latent defects in the circuitry and components of the heating pad;

10

e.   In failing to conduct timely and reasonable inspection of heating pad product;

f.   In negligently failing to test, or in inadequately testing heating pad product;

g.   In negligently selling a consumer product which lacked necessary warnings for safe use;

h.   In negligently failing to provide necessary instructions for safe use on its marketplace website;

i.   In negligently selling a heating pad which fails to meet applicable industry and/or safety standards;

j.   In failing to monitor the performance consumer products which it sold in order to detect and react to quality and safety issues;

k.   In failing to warn users and/or recall the heating pad when this defendant knew, or in the exercise of reasonable care would have discovered quality and safety issues with its heating pad product.

20. As a sole, direct and proximate result of the negligence of the Defendant and the defective condition of the heating pad product, as previously described, Plaintiff Tracy Brooks sustained the burn injury and the damages previously described in the within Complaint.

WHEREFORE, the plaintiff, Tracy Brooks, claims damages of the Defendant, Amazon.com, Inc., in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

11

**JURY TRIAL DEMANDED.**

BALZARINI & WATSON

BY _____

Michael Balzarini, Esq.
PA I.D. #52689
310 Grant St., Ste. 3303
Pittsburgh, PA  15219
(412) 471-1200

Attorneys for Plaintiff

12

## VERIFICATION

I, TRACY BROOKS, Plaintiff in the foregoing civil action verify that the facts set forth in the foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of our knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4902 relating to unsworn falsifications to authorities.

Date: _9/27/2024_                    _Tracy Brooks_
                                  Tracy Brooks

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: __Attorney for Plaintiffs__

Signature: _____

Name: ___Michael Balzarini, Esquire___

Attorney No. (if applicable): _____52689_____

13